UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                   :        Chapter 7
                                                         :
EMANI ELENA POWELL                                       :        Case No. 25-10212 (MEW)
                                                         :
                              Debtor.                    :
------------------------------------------------------------------------x

## DECISION AND ORDER DENYING DEBTOR'S MOTION
## FOR RECONSIDERATION OR OTHER RELIEF

On April. 30, 2025, creditor 2401 Davidson Associates LLC filed a motion for relief from the automatic stay so that it could proceed with all action necessary to enforce its rights with respect to Apartment 6G at 2401 Davidson Avenue, Bronx, New York, pursuant to a judgment of possession and warrant of eviction issued by the Civil Court of the City of New York, County of Bronx: Housing Part. The lease for the apartment expired at the end of September 2024. The Debtor, Emani Elena Powell, was not a tenant of record but is an occupant of the apartment. She was added as a respondent to the Housing Court proceeding, and she is named in the judgment of possession and the warrant of eviction. The Housing Court, in its judgment, found that rent had not been paid since October 2022, and rejected allegations that the respondents had issued payments to satisfy the arrears. One of the named tenants (Courtney Manley) testified that such payments had been drawn on a private bank account, but when asked to identify the banking institution Manley replied "I am a private bank." *See* Housing Court Judgment, attached as Exhibit 6 to ECF No. 18.

The motion for relief from the automatic stay was noticed for hearing on May 28, 2025. [ECF No. 18.] Pursuant to Local Bankruptcy Rule 9006-1(c), answering papers were due not later than seven days before the hearing date. No answering papers were filed by that deadline. Apparently, however, Ms. Powell personally delivered various papers to the Clerk's Office for

filing on May 27, 2025. Those papers did not appear on the electronic docket until May 28, 2025 (after the hearing on the motion for stay relief).

Ms. Powell appeared at the May 28 hearing and at that time she informed me that she had filed papers the prior day. I told her that I had not seen the papers before the hearing because they had not been posted on the electronic docket, but that I would allow her to tell me the grounds for her opposition to the motion. Ms. Powell then contended that she had actually paid the amounts due to the landlord and that eviction should not be permitted. However, the landlord denied that any payment had been made, and Ms. Powell acknowledged that the Housing Court had considered (and rejected) the contention that the arrears had been paid. I told Ms. Powell that I cannot act as an appellate court to the Housing Court, and that if she wishes to challenge the merits of the judgment issued by the Housing Court, and the findings made by the Housing Court, she would need to do so in the Housing Court or in the courts that have appellate jurisdiction over the Housing Court. I also noted that the relevant lease had expired and that in any event Ms. Powell had not been a named tenant, so that the bankruptcy estate had no property interest to preserve. The motion papers and the arguments before me, together with the Housing Court judgment, showed that the landlord was entitled to relief from the automatic stay, and I ruled on May 28, 2025 that the motion would be granted.

Later on May 28, I reviewed the papers that the Debtor had delivered to the Clerk's office on May 27. [ECF No. 20.] Ms. Powell described those papers as a cross-motion as well as a response to the motion for relief from the automatic stay. She alleged essentially the following:

- That the landlord and his counsel are "debt collectors," and that the landlord may not be the "holder in due course" of any evidence of debt (though the operative document is a lease);

- That Ms. Powell allegedly made payment or offered to make payment, though the materials that she submitted suggested that she had purported to do so as a "private banker" and by issuing electronic funds transfer orders that she expected to be valid but that the landlord did not accept or that were not honored;

- That the landlord had improperly rejected her payments and otherwise had acted improperly in its dealings with her;

- That the landlord's eviction claims were subject to a variety of other defenses; and

- That a damages award should be entered in favor of Ms. Powell and against the landlord.

*Id.* I issued two orders the next day (May 29, 2025). First, I issued an Order that granted the landlord's motion for relief from the automatic stay. [ECF No. 21.] Second, I issued an Order that denied the cross-motion that Ms. Powell had filed on May 27. [ECF No. 22.] In that second Order I stated the following:

> To the extent that the Cross-Motion is interposed as a response to the Lift Stay Motion, the Cross-Motion is overruled. To the extent that the Cross-Motion also purports to seek declaratory relief and monetary relief, it is procedurally improper as such relief must be sought in an adversary proceeding. More importantly, it appears that the relief sought was already presented by named tenant Courtney Manley to the Civil Court of the City of New York, County of Bronx: Housing Part S, and that court denied it as part of the Decision/Order After Trial issued by that court on June 3, 2024. At the hearing before this Court on May 28, 2025, the Debtor conceded that the issues concerning purported payments were raised before the state housing court.

*Id.*

By letter dated June 6, 2025, Ms. Powell has contended that I violated her due process rights and caused her personal distress by ruling on the motion for relief from the automatic stay

without considering the papers she had filed.  [ECF No. 27.]  I will treat the letter as a timely motion for reconsideration of my prior Orders.  However, I must deny the requested relief.

Ms. Powell contends that I failed or refused to consider her arguments.  In fact, however, I did consider her arguments, both by allowing her to explain her contentions to me orally and also by reading her papers after the hearing.  I did so despite the failure to file a timely response in accordance with our Local Bankruptcy Rules.

As I tried to explain on May 28, I do not have the authority to do what Ms. Powell wants me to do, which is to redetermine the landlord's rights and in the meantime to stop the eviction.  The arguments that Ms. Powell wants me to consider, and the evidence she wants me to hear and to evaluate, all relate to the "payment" defenses and other defenses that were previously asserted (or that should have been asserted) in the Housing Court.  The judgment of the Housing Court is binding on Ms. Powell.  Under the *Rooker-Feldman* doctrine I have no subject matter jurisdiction to permit a relitigation of the issues resolved in the Housing Court, or to hear and resolve challenges to the merits of the Housing Court's rulings.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983), as modified by the decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Wilson v. Deutsche Bank Nat'l Trust (In re Wilson)*, 410 Fed. Appx. 409, 410 (2d Cir. 2011).  Ms. Powell was the losing party in the Housing Court; her arguments before me are challenges to that judgment; the injuries of which she complains derive from the judgment of possession and the warrant of eviction issued by the Housing Court; and the Housing Court judgment was entered prior to the filing of this bankruptcy case.  Under these circumstances, Ms. Powell's challenges to the merits of the Housing Court's judgment can only

be pursued in the Housing Court and in those state courts that have appellate jurisdiction over the Housing Court. *Hobbock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d. Cir. 2005).

The damage claims that are referenced in the Cross-Motion also appear to be based on efforts to relitigate what has already been decided in the Housing Court. In any event, claims for damages or injunctive relief must be sought through an adversary proceeding under Fed. R. Bankr. P. 7001, and not by a Cross-Motion.

For the foregoing reasons, the motion for reconsideration is denied.

DATED: New York, New York
      June 26, 2025

                                       /s/ **Michael E. Wiles**
                                       UNITED STATES BANKRUPTCY JUDGE